# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL NELSON, | ) |
|       Petitioner, | ) ) ) |
| vs. | ) ) Case No. CIV-11-636-D |
| DAVID PARKER, Warden, | ) ) ) |
|       Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241,[1] and the matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). It is Petitioner's claim that he is entitled to immediate release from prison under the theory that he would have already discharged his sentence if the Oklahoma Department of Corrections had properly restored his lost credits pursuant to policy which was in effect at the time of his sentence. Due process and double jeopardy violations are claimed. Petition, Doc. No. 1, sequential p. 5; Brief in Support, Doc. No. 2, sequential pp. 1 - 7. In response to the habeas petition, Respondent argues that Petitioner has failed to exhaust his state administrative and judicial remedies. Motion to Dismiss, Doc. No. 18. Petitioner has, in addition to submitting his

---

[1] Petitioner purports to bring this action pursuant to 28 U.S.C. §2254. Nonetheless, because Petitioner is challenging the execution of his sentence rather than the validity of his conviction and sentence, this petition is properly brought under 28 U.S.C. § 2241. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).

supporting brief, filed his Response to Motion to Dismiss, Doc. No. 20, and the matter is at issue. For the reasons set forth below, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion of State Remedies**

Although § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to § 2241 to exhaust state remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). The exhaustion requirement exists as a matter of comity to give state courts the initial opportunity to address and correct alleged violations of federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). It is Petitioner's burden to demonstrate that he has exhausted available state remedies. *Cooper v. McKinna,* No. 99-1437, 2000 WL 123753, at *1(10th Cir. Feb. 2, 2000) (unpublished op.) ("A state prisoner bringing a federal habeas corpus action under either § 2241 or § 2254 bears the burden of showing he exhausted available state remedies.")).

Respondent maintains that Petitioner was required to exhaust both his prison administrative remedies and his state court remedy – specifically, a state habeas corpus action under Okla. Stat. tit. 12, § 1331 – before pursuing federal habeas relief. Motion to Dismiss, pp. 6 - 7. Petitioner contends that he did exhaust his prison remedies but that he

2

"was unaware he should file his writ to the district level court especially after he exhausted his administrative remedies."[2] Response to Motion to Dismiss, sequential p. 2. Nevertheless, he does not dispute that a state habeas corpus action is an appropriate, available remedy which he should have pursued before seeking federal relief. Rather, along with his contention that he was unaware of the state court exhaustion requirement, Petitioner points out that the facility where he was incarcerated at the time he filed for federal habeas relief – James Crabtree Correctional Center – had no "paralegal, law clerk, [or] staff jurisprudence in law." He does not deny that the facility had a law library. *Id.*

"An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court of if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner does not allege that either exception applies in his case, nor would any such argument be availing. A state habeas corpus action is clearly available and a proper remedy to redress Petitioner's claims. Okla. Stat. tit. 12, § 1331 provides that "[e]very person restrained of his liberty, under any pretense whatsoever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." The Oklahoma Court of Criminal Appeals has described the scope of the writ under the State's Constitution and statutory scheme:

> The great and leading intent of our Constitution in respect to the writ of habeas

---

[2] Because Petitioner admits that he did not exhaust his available state court remedy, it is not necessary to resolve the dispute over exhaustion of administrative remedies.

> corpus is manifest. It is that every citizen may be protected by judicial action from unlawful imprisonment. By virtue of this broad and comprehensive provision in the Bill of Rights, and the existing statutes, it is a writ of right; and this court, the Supreme Court, the district court and county court, and any justice or judge thereof has power to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of liberty of any person in jail who is in custody in violation of his rights under the Bill of Rights.

*State ex rel. Attorney General v. Higgins,* 137 P.2d 273, 281 (Okla. Crim. App. 1943). Moreover, because Petitioner maintains that he is entitled to immediate release if his credits are restored, habeas corpus is not facially precluded. *See Waldon v. Evans,* 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("[Petitioner] failed to show himself entitled to a writ of habeas corpus because he has not established that his confinement is unlawful and that he is entitled to immediate release.").

Finally, neither Petitioner's lack of knowledge regarding the availability of a state habeas action nor the absence of paralegals, law clerks or other assistance at the prison would provide a basis for avoiding the exhaustion requirement.

Because Petitioner has made no showing that he is precluded from asserting his due process and double jeopardy claims through the state process before, if necessary, seeking habeas relief in federal court, the undersigned finds he has failed to demonstrate the exhaustion of his state court remedies. Accordingly, the petition should be dismissed without prejudice.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss [Doc. No. 18] should be granted and the petition for writ of

4

habeas corpus should be dismissed without prejudice for failure to exhaust state remedies. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of October, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

    ENTERED this 30th day of September, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE